HENRY J. NORTON *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk.  September 16, 1975. — October 30, 1975.

Present: TAURO, C.J., REARDON, QUIRICO, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Labor and Labor Union.  Arbitration.*

An employee, acting independently of the union of which he is a
member and not claiming a breach of its duty of fair representa-
tion, had no right to compel his employer to arbitrate a grievance
under the procedure set out in the collective bargaining agreement
between the employer and the union.  [2]

BILL IN EQUITY filed in the Superior Court on October
18, 1973.

The proceeding was heard by *Mason, J.*

The Supreme Judicial Court granted a request for
direct appellate review.

*Judith E. Diamond* (*Robert W. Harrington* with her)
for the plaintiff.

*John J. Coffey* for the defendant.

WILKINS, J.  The plaintiff brought this action to com-
pel the defendant authority, his employer, to arbitrate a
grievance pursuant to the procedure set out in the collec-
tive bargaining agreement between the authority and the
employee's union, Local Division 589, Amalgamated
Transit Union (Union).  The judge found that the Union
did not request arbitration of the employee's grievance
and that there was no agreement by the authority to
arbitrate a grievance between it and the plaintiff individ-

ually. He ruled that the plaintiff had no right, acting independently of the Union, to compel arbitration and dismissed the action. We affirm.

The authority had no obligation to arbitrate a grievance which the employee, but not the Union, wished to arbitrate. The arbitration provision of the collective bargaining agreement gave the Union sixty days to request arbitration of a dispute which was not resolved at the conclusion of the fourth step in the grievance procedure. The Union made no such request. Indeed the record does not show that the employee made such a timely request, and, in the absence of such a request, this action to compel arbitration must fail.

Even if the plaintiff had made such a timely request, the general rule in such circumstances is that an employee, unsupported by his union, may not compel arbitration. See *Vaca* v. *Sipes,* 386 U.S. 171, 191-193 (1967); *Stanley* v. *General Foods Corp.,* 508 F.2d 274, 275 (5th Cir. 1975); *Carroll* v. *Brotherhood of R.R. Trainmen,* 417 F.2d 1025, 1028 (1st Cir. 1969), cert. denied sub nom. *Carroll* v. *New York, N.H. & H.R.R.,* 397 U.S. 1039 (1970); *Black-Clawson Co.* v. *International Ass'n of Machinists Lodge 355,* 313 F.2d 179 (2d Cir. 1962); *Falsetti* v. *Local 2026, United Mine Workers of America,* 400 Pa. 145, 169-171 (1960). See also Cox, Rights Under a Labor Agreement, 69 Harv. L. Rev. 601, 648-652 (1956). An exception to this general rule is made if bad faith or arbitrary or discriminatory conduct by his union has prevented an employee from obtaining arbitration. See *Vaca* v. *Sipes, supra* at 185-186, 194-195; *Seay* v. *McDonnell Douglas Corp.,* 427 F.2d 996, 1001-1002 (9th Cir. 1970); *Simberlund* v. *Long Island R.R.,* 421 F.2d 1219, 1226, 1228 (2d Cir. 1970); *Desrosiers* v. *American Cyanamid Co.,* 377 F.2d 864, 870-871 (2d Cir. 1967). The employee does not claim any breach of the Union's duty of fair representation. Therefore, this case does not fall within that exception.

*Judgment affirmed.*