371 Mass. 283 (1976)
356 N.E.2d 1217
BRONISLAW BALSAVICH & others
vs.
LOCAL UNION 170 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA & others.[1]
Supreme Judicial Court of Massachusetts, Worcester.
September 14, 1976.
November 3, 1976.
Present: HENNESSEY, C.J., REARDON, QUIRICO, KAPLAN, & WILKINS, JJ.
Kendall Burford for the plaintiffs.
Robert Glass for United Parcel Service, Inc.
Karl E. Klare for William Miley & others.
Christy A. Pano for James J. Millet & another.
KAPLAN, J.
The plaintiffs appeal from a judgment of the Superior Court dismissing their amended complaint for failure to state a claim on which relief can be granted. Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). Under the same rule their original complaint had been previously dismissed, but with leave to amend. The action was commenced in April, 1974.
Balsavich and other named members of Local Union 170 of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("plaintiff employees") are suing their employer United Parcel Service, Inc. ("employer"), Local Union 170 (through Millett and Berry as officer-representatives), and Miley and other named persons, formerly members of Local Union 25 of the International Brotherhood employed by the same employer ("defendant employees"). The claim which the plaintiff employees struggle to assert is roughly as follows. In early 1969 the employer expanded its activities in the Worcester area by opening an "operating center" in Shrewsbury, within the jurisdiction of Local 170. At that time the defendant employees, employed at a Watertown center, within the jurisdiction of Local 25, were drawn into the work at Shrewsbury, becoming members of Local 170. *285 The gravamen appears to be that the defendant employees were given status for purposes of seniority at Shrewsbury on a company basis, resulting in the outranking of some or all of the plaintiff employees, whereas, according to the amended complaint, the defendant employees should have been treated as junior to all the plaintiff employees.
Although the amended complaint does not refer to the statute,[2] the action may be taken to be a conventional one grounded on § 301 (a) of the Labor Management Relations Act (29 U.S.C. § 185[a] [1970]) of which the State courts have concurrent jurisdiction. Humphrey v. Moore, 375 U.S. 335, 343-344 (1964). The requisites of such an action by an employee against his employer (in which the union is often joined as defendant) are, first, that the employer has committed a breach of a substantive provision of the collective bargaining contract, and, second, that the employee has used the grievance procedures under the contract, except as such prior resort may be excused. See Vaca v. Sipes, 386 U.S. 171, 185-186 (1967).
In the amended complaint, the plaintiff employees allege broadly and vaguely a breach of the contract by the employer (the parties to the contract with the employer were the local unions in the New England area including local unions 170 and 25), but they do not point to any particular provision in the rather lengthy and intricate document annexed as an exhibit. Cf. Abrams v. Carrier Corp., 434 F.2d 1234, 1241-1242, 1245-1247 (2d Cir.1970), cert. denied, 401 U.S. 1009 (1971); Brown v. Truck Drivers Local 355, 264 F. Supp. 776, 778 (D. Md. 1967). To the contrary, the employer refers in its brief to a contract provision,[3] *286 possibly relevant, which may suggest that the defendant employees were treated correctly for seniority purposes and that the plaintiff employees are making claims beyond the reach of the contract or in contradiction of it. If the point is left in doubt by the amended complaint, it may be because the nature of the changes made in the Watertown and Worcester areas are not plainly stated in the amended complaint. As if to anticipate objection to the omission to allege forthrightly the violation of a contract provision, the amended complaint alleges that all the defendants made representations that the defendant employees would be considered junior to the plaintiff employees, but the allegations do not go so far as to assert an amendment of the contract or an estoppel and appear rather as intended to lend color to the claim of contract violation.
Coming to the second point: Employees may not simply disregard the grievance procedures set out in a collective labor contract and go direct to court for redress against the employer. Norton v. Massachusetts Bay Transp. Authority, 369 Mass. 1, 2 (1975). Republic Steel Corp. v. Maddox, 379 U.S. 650 (1965). They must initiate the grievance procedures as the contract provides and it is only when the union fails in its duty to represent them fairly in pressing the grievance, or the employer repudiates or otherwise nullifies the grievance machinery, or the union and the employer contrive together to subvert it, that the employees are free to try judicial remedies. See Vaca v. Sipes, supra at 184-186; Abrams v. Carrier Corp., supra at 1245-1246; DeArroyo v. Sindicato de Trabajadores Packinghouse, 425 F.2d 281, 283-284 (1st Cir.), cert. denied, 400 U.S. 877 (1970). The amended complaint asseverates in one or another broad form of words that the plaintiff employees have exhausted the grievance procedure but there is no definite statement indicating that the contract provisions regarding the initiation and forwarding of grievances were complied with;[4] indeed, the *287 averments that do appear in the amended complaint are somewhat self-contradictory and leave an impression that a failure seasonably to present and press any grievances is being glossed over.[5] Again in possible anticipation that the allegations to this point would be held inadequate, the amended complaint adds a charge of "conspiracy" against all the defendants, intended, presumably, to suggest that resort to the grievance machinery would have been futile and therefore need not have been attempted; but the elements of the alleged conspiracy remain unstated except for intimation. Cf. Abrams v. Carrier Corp., supra at 1253-1254; Desrosiers v. American Cyanamid Co., 377 F.2d 864, 870-871 (2d Cir.1967); Balowski v. International Union, UAW, 372 F.2d 829, 835 (6th Cir.1967).
This amended complaint goes on a recognizable legal theory (contrast Charbonnier v. Amico, 367 Mass. 146 [1975]) and, if all intendments are generously made in its favor, can be said to state a claim (cf. Abrams v. Carrier Corp., supra at 1241-1242); but it is nevertheless a quite unsatisfactory pleading, especially unpromising as the pleader has had previous warning through the dismissal (but without opinion) of the original complaint. Cf. Feinberg v. Leach, 243 F.2d 64, 68 (5th Cir.1957). It is hard to tell whether the deficiencies are due to inattention of the pleader or to a real shortage of relevant provable facts. In the circumstances the alternatives that present themselves are to give the plaintiff employees yet another chance to produce a *288 pleading that will help to shape the litigation, or to abandon that hope and rely on the processes of discovery or trial to reveal the actual strength of the case. Cf. Austin v. House of Vision, Inc., 385 F.2d 171, 172-173 (7th Cir.1967); Sedlarik v. General Motors Corp., 54 F.R.D. 230, 233 (W.D. Mich. 1971); Thrift v. Bell Lines, Inc., 256 F. Supp. 475, 476, 479 (D.S.C. 1966). As an exceptional measure,[6] and without enthusiasm, we shall take the first course and modify the judgment appealed from to provide that the plaintiff employees shall, within forty days of the date of the rescript, file a second amended complaint providing more definite statements of the matters above referred to. See Mass. R. Civ. P. 12 (e), 365 Mass. 754 (1974). We think it appropriate to refer here to counsel's obligation under Mass. R. Civ. P. 11 (a), 365 Mass. 753 (1974).[7]
The defendants suggest that the amended complaint reveals on its face that any claim against Local Union 170 is time barred, because breach of a union's duty of fair representation toward its members is a tort, to which our short statute of limitations applies. The claim is to be characterized by reference to Federal law (see Butler v. Teamsters Local 823, 514 F.2d 442, 446-447 [8th Cir.], cert. denied, 423 U.S. 924 [1975]), and the characterization then points to the State statute of limitations properly applicable (there being no pertinent Federal limitations statute). But characterization is beset by doubts under the Federal decisions and may indeed depend on the particular elements of the given breach of duty. See Butler v. Teamsters Local 823, supra at 447-448; Abrams v. Carrier Corp., supra at 1251-1252; DeArroyo v. Sindicato de Trabajadores Packinghouse, *289 supra at 285-287. Thus the matter is better left to a later stage of the case.[8]
The judgment should be modified as indicated in this opinion.
So ordered.
NOTES
[1] The parties are described in the text below.
[2] It is, however, referred to in the plaintiff employees' brief.
[3] The contract at art. 5, § 6-B (2), provides: "When an Operating Center or Subcenter is closed or partially closed and the work of the Operating Center or Subcenter is transferred to another Operating Center or Subcenter in whole or in part, an employee at the closed or partially closed down Operating Center or Subcenter shall have the right to transfer to the Operating Center or Subcenter into which the work was transferred if regular work is available and shall exercise his seniority on a Company basis in the affected Operating Centers or Subcenters."
[4] Article 7 of the contract sets out an "Arbitration and Grievance Machinery" which in the case of an employee's grievance against the employer requires the employee to submit it to the union in writing within five days, whereupon a process of attempted agreement is to begin with final recourse to arbitration.
[5] There is an allegation that the employer's breach of seniority was concealed from the plaintiff employees for a year, which would bring us into 1970, but it is asserted, curiously, that grievances were filed in 1969 as well as 1970. "Then," says the amended complaint, complaints were filed with the National Labor Relations Board, but were rejected as coming too late (see the six-month provision of 29 U.S.C. § 160[b] [1970]). There are also references to appeals to an international council and finally an alleged statement by Millett, an officer of Local Union 170, that the defendant employees should be junior but nothing would be done about it. The total picture remains obscure.
[6] See Charbonnier v. Amico, 367 Mass. 146, 153-154 & n. 14 (1975); Reporters' Notes to Mass. R. Civ. P. 12 (e), Mass. Ann. Laws, Rules of Civil and Appellate Procedure at 153-154 (1974).
[7] Rule 11 (a) states in part: "The signature of an attorney to a pleading constitutes a certificate by him that ... to the best of his knowledge, information, and belief there is a good ground to support it;...."
[8] We note that counsel for the plaintiff employees disclaimed at the argument any intention to seek money damages against the defendant employees; they are joined, perhaps unnecessarily, to facilitate the revision of seniority rights, should the plaintiff employees ultimately succeed. Cf. Butler v. Teamsters Local 823, supra at 454-456.