Lidia S. MEDEIROS, Plaintiff,

v.

Dr. John G. MURRAY, et al.,
Defendants.

Civ. A. No. 84–747–S.

United States District Court,
D. Massachusetts.

March 29, 1985.

Thayer Fremont-Smith, Frank Libby, Choate, Hall & Stewart, Boston, Mass., for plaintiff.

Sandra Quinn, Leonard Kopelman, Joyce Frank, Kopelman & Paige, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER

SKINNER, District Judge.

Plaintiff Lidia Medeiros brought her original complaint on March 15, 1984 against the above defendants seeking declaratory relief and damages for the defendants' termination of plaintiff's employment as a bilingual school teacher and guidance counselor. In the instant motion, plaintiff seeks to amend her complaint by adding a count alleging the defendants' breach of a collective bargaining agreement governing the parties' former employment relations, and to release defendant Town of Stoughton. The defendants have opposed that motion only insofar as it seeks to add an additional count for breach of the collective bargaining contract.

The count for breach of the collective bargaining agreement alleges that upon learning of the defendants' decision not to reinstate her, plaintiff availed herself of the required grievance procedure. In paragraph 102 of her complaint, she states that "[t]he ... Grievance Committee voted 11–1 to not file for arbitration on behalf of Medeiros".

■ It is settled under Massachusetts law a public employee cannot bring an action to enforce a collective bargaining agreement without the support of her union, absent bad faith on the part of the union. *Frost v. Framingham,* 9 Mass. App. 843, 399 N.E.2d 1108 (1980); *Balsavich v. Local Union 170,* 371 Mass. 283, 356 N.E.2d 1217 (1976); *Norton v. Mass. Bay Transp. Auth.,* 369 Mass. 1, 336 N.E.2d 854 (1975). In her proposed count for breach of the collective bargaining agreement, plaintiff has not alleged that the union has illegally violated its duty of fair representation in refusing to file for arbitration on her behalf. Accordingly, that count fails to state a claim under Fed.R.Civ.P. 12(b)(6).

The rule in this judicial circuit, as elsewhere, is that if a proposed change to a complaint "is legally insufficient on its face, the court may deny leave to amend". 6 Wright & Miller, Federal Practice and

Procedure, § 1487 (1971); *Vargas v. McNa-mara,* 608 F.2d 15 (1st Cir.1979).

Accordingly, plaintiff's motion to add a count for breach of the collective bargaining contract to her original complaint is DENIED. Plaintiff's motion to amend her complaint is otherwise ALLOWED.