BERTRAM SWITZER vs. LABOR RELATIONS COMMISSION & another.[1]

No. 93-P-808.

Suffolk. March 15, 1994. - May 27, 1994.

Present: JACOBS, GILLERMAN, & IRELAND, JJ.

*Labor Relations Commission. Labor*, Fair representation by union, Action against labor union. *Administrative Law*, Judicial review. *Contract*, Collective bargaining contract.

The Labor Relations Commission correctly dismissed a claim that a union's general membership had been "subverted" by the union's alleged violation of its constitution and by-laws in entering into a settlement agreement with the employer without submitting it to a vote of the union membership, where there was no claim that the terms of the settlement agreement constituted unfair, arbitrary, discriminatory, or bad faith treatment of the plaintiff by the union and where, in any event, violation by a union of its constitution and by-laws was not a practice prohibited by G. L. c. 150E, § 10(*b*). [567-568]

APPEAL from a decision of the Labor Relations Commission.

*H. Brooks Whelan, Jr.*, for the plaintiff.

*John B. Cochran* for the defendant.

GILLERMAN, J. The Labor Relations Commission (the commission), see G. L. c. 23, § 9O, dismissed a charge of a prohibited practice filed by a public employee (the plaintiff) against the Somerville Municipal Employees Association (SMEA), an "employee organization," see G. L. c. 150E, § 1, and its president.

The charge, filed September 18, 1992, alleged that SMEA and its president, in violation of SMEA's duty of fair representation, had entered into a settlement agreement with the city of Somerville regarding a proposed reorganization of the

---

[1]Somerville Municipal Employees Association.

city's sanitation department[2] without the favorable vote of the SMEA membership[3] as required by SMEA's constitution and by-laws[4] and that the settlement agreement violated the collective bargaining agreement between SMEA and the city.

Following an investigation, see G. L. c. 150E, § 11, the commission dismissed the charges, and the plaintiff appealed to this court. See *ibid.*; *Quincy City Hosp.* v. *Labor Relations Commn.*, 400 Mass. 745, 747 (1987) (prehearing dismissal by the commission is a reviewable, final order). The commission ruled that the alleged failure to bring the settlement agreement to a vote of the membership did not constitute a breach of SMEA's duty of fair representation because G. L. c. 150E does not authorize the commission to regulate or interfere with the "purely internal affairs" of an employee organization and its members. With regard to the second charge, the commission's decision states that the plaintiff has filed grievances arising out of the adverse impact of the settlement agreement upon his employment rights, that the plaintiff has acknowledged that his grievances are pending, and that there was no evidence presented to the commission that SMEA was not processing the plaintiff's grievances.

The plaintiff filed a request for review of the commission's decision, see 456 Code Mass. Regs. § 15.04(3) (1993), arguing that by not complying with SMEA's constitution and by-

---

[2]According to the decision of the commission, the "investigation disclosed that in the summer of 1992, the employer notified [SMEA] of its intention to reorganize the sanitation department. Specifically, the employer intended to eliminate the position of laborer and replace that position with heavy motor equipment operator/laborer positions that required a commercial drivers license. Because certain laborers would be adversely impacted by this announced reorganization, [SMEA] filed a grievance before the effective date in an effort to preempt or minimize any impact on [the] bargaining unit. On or about September 10, 1992, [SMEA] and the employer entered into a Settlement Agreement which by its terms settled [SMEA's] grievance over the sanitation department reorganization."

[3]It is undisputed that the plaintiff is a member of SMEA.

[4]Article 9, § 2, of the constitution and by-laws provides that "[a]ll contracts and agreements shall not be signed by an officer or committee member without the approval of two-thirds of the membership present and voting at a general meeting by Australian ballot."

laws SMEA and its officers committed a breach of the duty of fair representation.[5] Following reconsideration, the commission affirmed its prior decision for the reasons it had previously stated. We affirm the final order of the commission.

The duty of fair representation arises out of a union's duty fairly to represent employees in the bargaining unit regarding collective bargaining with the employer and in the enforcement of the resulting collective bargaining agreement. See *Vaca* v. *Sipes*, 386 U.S. 171, 177 (1967). "Breach of the duty of fair representation occurs if a union's actions toward an employee are 'arbitrary, discriminatory, or in bad faith.' " *Graham* v. *Quincy Food Serv. Assn. & Hosp., Library & Pub. Employees Union*, 407 Mass. 601, 606 (1990), quoting from *Vaca* v. *Sipes*, *supra* at 190. We have noted that in Massachusetts this duty of fair representation has been recognized expressly by statute since 1965 (see *Pattison* v. *Labor Relations Commn.*, 30 Mass. App. Ct. 9, 15 n.9 [1991]), with G. L. c. 150E, § 5, as inserted by St. 1973, c. 1078, § 2, imposing the obligation upon employee organizations to represent all the employees in the bargaining unit "without discrimination and without regard to employee organization membership."

There is no claim here that the terms of the settlement agreement constitute unfair, arbitrary, discriminatory, or bad faith treatment of the plaintiff by SMEA. Rather, the claim is that the rights of the general membership of SMEA have been "subverted" because SMEA failed to proceed under art. 9, § 2, of its constitution and by-laws and obtain the favorable vote of its membership. It is for that reason, the argument goes, that the settlement agreement was ultra vires SMEA and its officers.[6] We conclude that these arguments

---

[5]The plaintiff also claimed that SMEA refused to bargain in good faith with the city of Somerville as required by G. L. c. 150E, § 10(*b*)(2). The argument is not easily understood; we can only take it to be a reiteration of the claim that the commission should take cognizance of the alleged violation of the constitution and by-laws of SMEA.

[6]The plaintiff's lengthy brief contains numerous claims and references to statutory provisions, but we are unable to identify any argument that differs in content from the claim that the union improperly failed to obtain

do not make up a claim of a breach by SMEA of its duty of fair representation.

It may well be that, if SMEA was wrong in not proceeding under art. 9, § 2, of its constitution and by-laws, the plaintiff has a claim, sounding in contract, against SMEA. The plaintiff, in becoming a member of SMEA, entered into a contract with SMEA, the terms and conditions of which are expressed in the constitution and by-laws. *Sullivan* v. *Barrows*, 303 Mass. 197, 201 (1939). The union, of course, is recognized as an entity that may be sued. See *DiLuzio* v. *United Elec., Radio & Mach. Wkrs. of America, Local 274*, 386 Mass. 314, 318-319 (1982).

Whether the action of SMEA in executing the settlement agreement, without first going to its membership for approval, constitutes a violation of the constitution and by-laws of SMEA is a matter for the courts, not the commission. See G. L. c. 150E, § 11, giving the commission jurisdiction to receive complaints, investigate, hold hearings, and issue orders regarding any practice by an employee organization that is prohibited by G. L. c. 150E, § 10(*b*). The claim that SMEA has not conformed to its constitution is not among the prohibited practices.

The common law issue of whether there should have been compliance with SMEA's constitution and by-laws is not before us, and we express no opinion thereon.[7]

---

the approval of the membership prior to signing the settlement agreement. We necessarily put to one side the plaintiff's personal and separate grievances against the city which, as noted in the text, remain pending and, apparently, are being prosecuted by SMEA on the plaintiff's behalf.

[7]In the Federal courts "[t]here is a well-established, soundly based policy of avoiding unnecessary judicial intrusion into the affairs of labor unions . . . [which yields the general rule that] judges should refrain from second-guessing labor organizations in respect to plausible interpretations of union constitutions." *Local No. 48, United Bhd. of Carpenters & Joiners* v. *United Bhd. of Carpenters & Joiners*, 920 F.2d 1047, 1051-1052 (1st Cir. 1990) ("the critical question . . . is whether the stated reason for the action was facially sufficient under the instrument of governance").

The commission's decision dismissing the charge is affirmed.

*So ordered.*