Butler, J.
INTRODUCTION
This action for declaratory relief arises from the failure of defendant Town of Bellingham (the town) to consider a two-week absence from work by plaintiff Richard Marcoux as “injured in the performance of his duty” leave pursuant to G.L.c. 41, §11 IF (1994 ed.). Both parties now move for summary judgment. For the following reasons, Marcoux’s motion is denied and the town’s motion is allowed.
BACKGROUND
The following facts as set forth in the summary judgment record are not in dispute, and may be summarized as follows. At all times relevant to this cause of action, Marcoux has been employed as a fire fighter by the town. As a fire fighter, Marcoux has been a member of the Bellingham Permanent Firefighters Association, Local 2071 of the International Association of Firefighters (union) and covered by the union’s collective bargaining agreement with the town (agreement).
In the spring of 1981, the town voted to eliminate from its fire department (the department) the position of lieutenant then held by fire fighter John Ridolfi. Since then, the town’s department had been staffed by one chief and about eleven fire fighters. In the spring of 1993, the town decided, in its annual meeting, to recreate the staff position of lieutenant in the department. The town advised the union of its intent to fill the position by an exam, pursuant to Article IX of the agreement. The position was posted on September 30, 1993.
On October 12, 1993, the union claimed the position should be filled by Ridolfi, who last held the position prior to its being eliminated in 1981. On October 19, 1993, the Fire Chief Richard F. Ranieri rejected the union’s claim that Ridolfi should be reinstated as lieutenant without an exam. Subsequently, two fire fighters intent on taking the promotional exam received threats from at least one other fire fighter who believed Ridolfi automatically should have been restored to the position of lieutenant.
The heated controversy among the firefighters concerning the position of lieutenant created a stressful environment which affected Marcoux. Marcoux left work on November 23, 1993 due to the stress. On November 24, 1993, Marcoux submitted an “injury form” to the department, claiming he was injured in the performance of his duties by the stressful working conditions.[1] Ranieri ordered that Marcoux be compensated from sick leave benefits until a determination could be made that Marcoux in fact had been injured while in the performance of his duties.
On December 2, 1993, Marcoux was referred by Dr. Kanwarjit S. Sidhu, his primary care physician, to Dr. Paul Aubuchon, a clinical psychologist, for treatment of his stress. Marcoux visited Dr. Aubuchon on De *70 cember 9, 1993. After examination, Dr. Aubuchon addressed a letter to Ranieri, stating that Marcoux had been out on disability “with a stress related disorder due to conflicts with fellow employees and/or a supervisor and working conditions” but that he was “now capable of returning to work.” Accordingly, Marcoux reported for duty on December 9, 1993.
Between December 23, 1993 and March of 1994, the union and the town administrator, Denis C. Fraine, corresponded concerning the characterization of Marcoux’s absence from work. On March 14, 1994, Fraine informed the union that Marcoux’s two-week absence would be considered sick leave, as it did not appear Marcoux had been injured in the performance of his duties.
Upon receiving this determination from Fraine, the union filed a grievance[2] with Ranieri on March 17, 1994, in accordance with the grievance procedure set forth in Article VIII of the agreement.[3] Ranieri denied the grievance. The grievance was then submitted to Fraine on April 1, 1994. On April 6, 1994, Fraine likewise denied the grievance. On April 11, 1994, the union informed Fraine that it intended to submit Marcoux’s grievance to arbitration.[4] On July 8, 1994, Marcoux filed this action for declaratory relief.
DISCUSSION
In his complaint, Marcoux alleges he became incapacitated in the course of his performance of duties as a result of the stress imposed by the strained working environment. As such, Marcoux claims he was entitled to leave with pay from November 23 through December 8, 1993 pursuant to G.L.c. 41, §11 IF. Marcoux seeks summary judgment on grounds that he is able to prove all essential elements of a claim for benefits under G.L.c. 41, §11 IF[5] and, that the town has failed to provide any materials which negate the elements of his claim.
The town cross moves for summary judgment on two principal grounds: 1) that Marcoux’s failure to exhaust administrative remedies precludes this action; and, 2) that Marcoux was not injured in the performance of his duties as contemplated by §11 IF. As the town’s threshold claim is jurisdictional in nature, it should be addressed first. See Ludlow Education Association v. Ludlow, 31 Mass.App.Ct. 110, 115 (1991).
1. The town bases its first claim on the agreement’s incorporation of the provisions of G.L.c. 41, §11 IF. In essence, the town argues that because the agreement incorporates the terms of §11 IF, Marcoux’s claim that he is owed benefits under §11 IF constitutes a grievance. As such, the town argues that Marcoux is required to exhaust the agreement’s grievance procedure prior to bringing an action in court. This court agrees. See Rooney v. Town of Yarmouth, 410 Mass. 485, 490-94 (1991) (incorporation of astatutory provision into the collective bargaining agreement makes the grievance procedure the exclusive remedy). Compare Willis v. Board of Selectmen of Easton, 405 Mass. 159, 164 (1989) (as statutory right of compensation not addressed by the agreement, employee not obligated to exhaust administrative remedies prior to bringing suit).
It does not appear from the record that Marcoux exhausted the grievance procedure prior to bringing this action in court. It is not disputed that the grievance procedure was elected and completed through step 2 on Marcoux’s behalf by the union; however, while the union informed Fraine of its intent to submit the grievance to arbitration, there is no indication that the grievance was in fact submitted and, if not, whether the union informed Marcoux of a change of plans or failed to do so in bad faith. See Balsavich v. Local 170, International Brotherhood of Teamsters, 371 Mass. 283, 286-87 (1976) (employees free to seek judicial remedies when the union fails in its duty to represent them fairly). See also Vaca v. Sipes, 386 U.S. 171, 185 (1967) (under National Labor Relations Act, employee free to seek judicial remedies when union refuses to process grievance and if union has sole power to invoke’higher stages of the procedure).
As such, this case falls under the general rule that failure to pursue contractual grievance procedures bars suit against the employer. Johnston v. School Committee of Watertown, 404 Mass. 23, 25 (1989) (citations omitted). Employees may not simply disregard the grievance procedure set out in a collective labor contract and go directly to court for redress against the employer. Id.; Balsavich, supra at 286. Rather, “(t]hey must initiate the grievance procedures as the contract provides.” Id. See also Martin v. School Committee of Natick, 395 Mass. 461, 469 (1985) (once grievance procedure is initiated, statutory remedy may not be elected short of exhausting grievance procedure). On this record,[6] the town, as the moving party, has met its burden of demonstrating affirmatively that Marcoux has no reasonable expectation of showing at trial that he was not required to exhaust the agreement grievance procedures prior to bringing suit. See Smith v. Massimiano, 414 Mass. 81, 85-86 (1993).
2. Next, the town claims Marcoux was not injured in the performance of his duties as contemplated by G.L.c. 41, §11 IF. Since Marcoux was required to exhaust the grievance procedure provided in the agreement and failed to do so, the court needs not address this issue. Accordingly, summary judgment will be allowed for the town.
ORDER
For the foregoing reasons, it is hereby ORDERED that summary judgment be DENIED for plaintiff Richard Marcoux and that summary judgment be ALLOWED for defendant Town of Bellingham.
*71 Judgment shall enter DECLARING that the action filed by Richard Marcoux on July 8, 1994 is barred for failure to exhaust administrative remedies

 Article XVI, Section X of the agreement provides that “[flirefighters injured on duty shall be covered under Massachusetts General Law Chapter 41, Section 11 IF.” General Laws c. 41, §111F provides in relevant part: “Whenever a police officer or fire fighter of a city, town, or fire or water district is incapacitated for duty because of injury sustained in the performance of his duty without fault of his own . . . he shall be granted leave without loss of pay for the period of such incapacity: provided, that no such leave shall be granted for any period after ... a physician designated by the board or officer authorized to appoint police officers or fire fighters in such city, town or district determines that such incapacity no longer exists.” One effect of §11 IF is to permit a fire fighter’s sick leave benefits to remain intact.

 he agreement defines the term “grievance” as “any dispute concerning the interpretation, application, enforcement, violation or meaning of this agreement.”

 Article VIII, Section 2 of the agreement reads: “The grievance procedure shall be as follows: STEP 1: The employee, or a representative of the Union, shall submit the grievance, in writing, to the Fire Chief within fifteen (15) days after the date of the act or omission giving rise to the grievance ... The Fire Chief shall answer the grievance, in writing, within ten (10) working days, excluding leave days, of the Chief after the date the grievance was submitted . . . STEP 2: If the grievance is not satisfactorily settled in Step 1, it shall be presented in writing to the Town Administrator within 10 (ten) days following the Fire Chiefs reply ... If the grievance is not satisfactorily adjusted in Step 2, it may be brought to arbitration solely by the Union. The Union shall notify the Town Administrator, in writing, within fifteen (15) calendar days of the date of receipt of the Administrator’s reply in Step 2 of the grievance procedure outlined above, that it wishes to have the grievance submitted to arbitration."

 It is not clear from the record if arbitration was in fact pursued by the union.

 Those elements, as cited by Marcoux, are as follows: 1) incapacitation; 2) due to injuries sustained in the performance of duties; 3) without fault; and 4) as a fire fighter.

 Marcoux has had ample opportunity to expand the record on whether he was required to exhaust administrative remedies, yet has failed to do so. Marcoux did not respond to the town’s cross motion for summary judgment and, did not address the issue during oral arguments.