Travers, J.
BACKGROUND
On June27, 1990, the Worcester Firefighters Union Local 1099, IAFF, and Ronald Armstrong, the President of the Union acting individually and on behalf of a class similarly situated, filed a complaint alleging that in August of 1988, the City increased the “per *306 centage premiums” required to be paid for health maintenance organization coverage in violation of Ch. 23 of the Acts of 1988, section 77 (the “Anti-Rollback Law”) and G.L.c. 32B.
In September 1993, the parties filed motions for summary judgment. On December 20, 1993, Judge Hely ordered the parties to proceed to a jury-waived trial, finding that there were genuine issues of material fact to be resolved. Before the trial, the Union represented to the court that the parties had agreed to a settlement. In December 1994, the Union and the City entered into a collective bargaining agreement. The Union moved to dismiss its claims against the City, and the case was never tried.
In March 1996, the plaintiffs motion to intervene was allowed. At no time has the class been certified according to Mass.R.Civ.P. 23. The defendant City filed a motion for summary judgment pursuant to Mass.R.Civ.P. 56, and the plaintiff responded with a cross claim for summary judgment.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summary judgment who does not bear the burden of proof at trial must demonstrate the absence of a triable issue either by submitting affirmative evidence negating an essential element of the nonmoving party’s case or by showing that the nonmoving party is unlikely to submit proof regarding that element at trial. Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleading and move assertions of disputed facts . . .” LaLonde v. Eisenner, 405 Mass. 207, 209 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991) (citing Celotex v. Catrett, 477 U.S. 317, 322 (1986)).
On December 20, 1993, this court ruled on cross motions for summary judgment submitted by both the union and the City of Worcester. Judge Hely at that time held that there were two issues of disputed material fact, specifically: 1) was the Union president’s side letter agreement subject to ratification by the Union membership; and 2) did the Union waive its right to bargain about the HMO payment increase. Since a trial was not subsequently held, these issues remain unresolved. In March 1996, the court dismissed the claims of the Union and allowed the individual class members to intervene in the suit without ruling on the merits of the plaintiff-intervenors claims. Unions have broad discretion to act in what they perceive to be their members’ best interests. Best v. Rome, 858 F.Supp. 271 (1994). Once the claims of the Union were dismissed, these issues became moot. Although the individual class members may have had an interest in the litigation between the Union and the City, that interest would have been derivative of the position collectively taken on behalf of Union membership and would not entitle the individuals to a separate claim of relief. See Peabody Federation of Teachers, Local 1289 v. School Committee of Peabody, 28 Mass.App.Ct. 410 (1990) (union employee not allowed to intervene in suit between union and employer after entry of final judgment). “As members of the bargaining unit, [the union members] may not. . . maintain a judicial proceeding on their own." Id. at 414, and cases cited. Tbe employees surrendered their rights to deal with the employer once the Union became their exclusive bargaining representative. See Moen v. Director of Division of Employment Sec., 324 Mass. 246 (1949). Thus, the extinguishing of the Union’s suit against the City also extinguished the suit of the individual union members against the City.
Individual employees usually have the right to seek court action to enforce their statutory rights independent from the union. However, the Anti-Roll Back statute explicitly provides that the union has the right to bargain in regard to health care premiums. Chapter 23 of the Acts of 1988, section 77. This statute therefore vests power only in the union to act on behalf of the employees and does not provide a separate remedy for individual employees. Once the union president validly executed the side letter agreement, which he had the authority to do per the statute, the employees were bound by that agreement entered into on their behalf by their exclusive bargaining representative.
However, the individual employees may still challenge the actions of the union president as ultra vires and/or as a breach of the duty of fair representation. The plaintiff-intervenors may also have a cause of action against the union for violation of the union’s constitution and/or by-laws, although courts are hesitant to “second-guess labor organizations in respect to plausible interpretations of union constitutions.” See Switzer v. Labor Relations Commission, 36 Mass.App.Ct. 565, 568 (1994). These claims, though, are properly brought against the Union and not the City.
Therefore, because the claims of the Union against the City were dismissed and since the claims of the individual class members are derivative from these claims, the plaintiff-intervenors have no individual *307 right to sue. Because there do not remain any genuine issues of material fact to be resolved between the plaintiff-intervenors and the City, the City is entitled to judgment as a matter of law.
ORDER
For the foregoing reasons, the court ORDERS that the defendant’s motion for summary judgment is ALLOWED, and that the plaintiffs’ cross-motion for summary judgment is DENIED.