Coven, J.
This is a Dist./Mun. Cts. R. A. D. A., Rule 8A appeal by the plaintiff of the dismissal of her action for breach of contract arising from the defendant’s termination of her employment.
The plaintiff had been employed by defendant City of Somerville (“the City”) for eighteen years. As a City employee, she was a member of the Somerville Municipal Employees Association (“the Union”) which had entered into a collective bargaining agreement with the City. In March, 1996, the plaintiff became seriously ill and requested use of her sick time. The Commissioner of Public Works (“the Commissioner”), who was the head of the plaintiff’s department, informed her that she was to be examined by a physician on May 8,1996, July 8, 1996 and August 2,1996.
On August 16,1996, the Commissioner informed the plaintiff that the examination reports indicated that she was capable of performing her job duties, that her sick leave was terminated as of that date, and that she was expected to return to work at the Department of Public Works on the following Monday, August 19,1996. When the plaintiff failed to return to work, the Commissioner notified her that her actions constituted an unauthorized absence which could result in her permanent separation from employment.
On September 8,1996, the plaintiff filed a grievance with the Commissioner for his violation of the collective bargaining agreement. No meeting was held between the Commissioner, as department head, and the plaintiff and her Union representatives. On September 24,1996, the Commissioner denied the plaintiff’s grievance.
On October 17, 1996, the Mayor informed the plaintiff that she had “permanently and voluntarily separated” herself from employment with the City, and that she could request a hearing before him as the appointing authority within ten days. No hearing was requested, and the plaintiff’s employment was terminated on October 17,1996.
The plaintiff thereafter commenced this action in the Cambridge Division of the District Court Department. The defendant filed a Mass. R. Civ. R, Rule 12 motion to dismiss on the grounds that the plaintiff had failed to exhaust the grievance procedure outlined in the collective bargaining agreement. The *198 court allowed the plaintiff’s motion,[2] and the plaintiff filed this appeal.[3]
Section 3 of the “Grievance and Arbitration Procedure” set forth as Article XXV of the Collective Bargaining Agreement between the City and the plaintiffs Union provides:
(a). Any employee who has a grievance shall, with an Association representative, discuss the grievance with his immediate superior within thirty days of when the employee knew or should reasonably have known of the occurrence of the matter grieved.
(b). If the superior and the employee cannot reach an agreement on the grievance, the grievance shall be stated in writing, signed by the complainant and/or his representative within two (2) working days thereafter and submitted to the executive head of the department. The executive head of the department shall meet with the grievant and his Association representatives within five working days of the submission of the grievance to him and shall issue a written decision on the grievance within five working days of the said meeting.
(c). If the grievant does not agree with the decision rendered, he or his representative shall submit his grievance in writing to the Mayor of the City. The Mayor or his delegate shall meet with the grievant and the grievant’s Association representatives within ten working days of the submission of the grievance to him. The Mayor shall within ten working days after the said meeting submit his decision in writing to the grievant and his Association representatives and to the Department Head.
(d). The Association may submit a grievance at level 3 (c) of this procedure without the requirement of processing the grievance at levels (a) and (b), provided, however, that the grievance is of a general nature having direct application to more than one department.
The City’s motion to dismiss was based on the failure of the plaintiff and her Union representative to request a meeting with the Mayor pursuant to 3 (c) prior to initiating suit. The general rule is that “[e]mployees may not simply disregard the grievance procedures set out in a collective labor contract and go directly to court for redress against the employer.” Norton v. Massachusetts Bay Transp Auth., 369 Mass. 1, 2 (1975). An employee must ordinarily comply with, and exhaust, contract grievance procedures before resort may be had to judicial remedies. O’Brien v. New Eng. Tel. & Tel. Co., 422 Mass. 686, 695-696 (1996); Balsavich v. Local Union 170, Int’l Bhd. of Teamsters, 371 Mass. 283, 286 (1976).
It is undisputed, however, that the City failed to follow step 3 (b) of the grievance procedure which obligated the Commissioner, as the plaintiff’s department head, to meet with the plaintiff and her Union representative prior to rendering a written decision. Such failure brings this case within an established exception to the general rule stated above which permits an employee to file suit against an employer *199 without first completing grievance procedures when the employer repudiates such procedures. Azzi v. Western Elec. Co., 19 Mass. App. Ct. 406, 409 (1985).
[W]hen the union fails in its duty to represent [an employee] fairly in pressing the grievance, or the employer repudiates or otherwise nullifies the grievance machinery, or the union and the employer contrive together to subvert it... the [employee is] free to try judicial remedies.
Balsavich v. Local Union 170, Int'l Bhd. of Teamsters, supra at 286. See also Robbins v. George Prescott Publishing Co., 457 F. Supp. 915, 921 (D. Mass. 1978). In ignoring step 3(b), the City repudiated the grievance machinery at a procedural point well prior to the stage at which the plaintiff was obligated under 3 (c) to seek a meeting with the Mayor. As the City itself repudiated the grievance procedure, fairness and equity preclude its contention here that the plaintiff’s failure to follow a subsequent step in the very same grievance procedure prevents the plaintiff from pursuing her legal remedies.
Accordingly, the allowance of the defendant’s motion to dismiss is reversed.
So ordered.

 As both parties submitted affidavits and other material in addition to the pleadings, the defendant’s motion to dismiss was properly treated as one for summary judgment. Mongeau v. Boutelle, 10 Mass. App. Ct. 246, 247 (1980).

 Relying on Switzer v. Labor Relations Commission, 36 Mass. App. Ct. 565 (1994), the plaintiff argues that she had an independent right of action to enforce the terms of the collective bargaining agreement. However, Switzer involved an action by an employee against his union for failing to abide by its constitution or by-laws and was not an independent action against an employer for a violation of a collective bargaining agreement.