Troy, Paul E., J.
This action arises from a private construction project on which defendant, John B. Cruz Construction Co., Inc. (“Cruz”), acted as the general contractor and plaintiff, Brendan Dowling d/b/a B. Dowling Construction Co. (“Dowling”), acted as a subcontractor. Dowling filed a complaint seeking to enforce a subcontract agreement with Cruz. Dowling has since filed an amended complaint seeking to enforce a lien bond executed by Cruz and defendant surety, Hartford Casualty Ins. Co. (“Hartford”). Hartford now moves to dismiss the amended complaint. For the reasons stated herein, the Defendant, Hartford Casualty Insurance Company’s Motion to Dismiss Plaintiffs Amended Complaint is DENIED.
BACKGROUND
On August 16, 2002, Dowling entered into a subcontract agreement with Cruz. Cruz was the general contractor on a private construction project for the building of a church on Blue Hill Avenue in Boston. Thereafter, Dowling commenced working on the contract. Dowling submitted a number of claims for change orders, which the owner did not approve. In March 2004, Dowling, asserting that it had not been paid all sums due, terminated its work on the project.
On February 9, 2004, Dowling filed a notice of contract with the Registry of Deeds in Suffolk County, thereby creating a mechanic’s lien on the project owner’s property. On May 25, 2004, Dowling filed a statement of account with the Registry. On March 31, 2005, Dowling filed a complaint seeking to enforce the lien and alleging breach of contract.
Meanwhile, on April 8,2004, Cruz and Hartford had executed a lien bond, which purportedly dissolved Dowling’s previously filed mechanic’s lien. On April 9, Cruz’s attorney sent a letter to Dowling’s attorney, Ann B. McGuigan, which notified her that the lien bond, which was enclosed, “has been filed in conformity with Chapter 254, Section 14.” On April 12, 2004, Cruz and Hartford filed the lien bond with the Registry.
On April 21, 2006, the court allowed Dowling to amend its complaint to include an action against Hartford to enforce the lien bond.
MOTION TO DISMISS STANDARD
This court may dismiss a complaint that fails “to state a claim upon which relief can be granted.” Mass.R.Civ.P. 12(b)(6). In considering a motion to dismiss, “the allegations of the complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor, are to be taken as true.” Nader v. Citron, 372 Mass. 96, 98 (1977), citing Balsavich v. Local 170, International Brotherhood of Teamsters, 371 Mass. 283 (1976). Further, “a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader, 372 Mass. at 98, quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Moreover, “a complaint is sufficient against a motion to dismiss if it appears that the plaintiff may be entitled to any form of relief, even though the particular relief he has demanded and the theory on which he seems to rely may not be appropriate.” Nader, 372 Mass. at 98, citing Janke Constr. Co. v. Vulcan Materials Co., 527 F.2d 772 (7th Cir. 1976). Therefore, a plaintiff “must prevail over the motion [to dismiss] unless it appears with certainty that he is entitled to no relief under any combination of facts that could be proved in support of his claims.” Brum v. Town of Dartmouth, 44 Mass.App.Ct. 318, 322 (1998), citing Flattery v. Gregory, 397 Mass. 143, 145-46 (1986). The court is “not to consider the unlikelihood of the plaintiffs ability to produce evidence to support otherwise legally sufficient complaint allegations.” Brum, 44 Mass.App.Ct. at 322, citing Mmoe v. Commonwealth, 393 Mass. 617, 619-20 (1985).
DISCUSSION
Upon the filing of Cruz and Hartford’s lien bond, Dowling’s Mechanic’s Lien dissolved. G.L.c. 254, §14. Accordingly, Dowling may not seek enforcement of the mechanic’s lien, but may only seek relief against Cruz and/or Hartford pursuant to the lien bond. In order to enforce the lien bond against Hartford, Dowling had to file its complaint seeking enforcement “within ninety days after the later of the filing of the [statement of account] or receipt of notice of recording of the bond.” G.L.c. 254, §14. Hartford alleges that Dowling received notice of the lien bond when its attorney received the April 9, 2004 letter from Cruz’s attorney. On May 25, 2004, Dowling filed its statement of account. The amended complaint relates back to the date the original complaint was filed.[2] Mass.R.Civ.P. 15(c). Dowling challenges the defendants’ assertion that he received notice as required under the applicable statute, G.L.c. 254, §14.
Dowling raises “three problems” with the alleged notice provided by the April 9, 2004 letter: (1) the letter should not even be considered by the court at this procedural stage as it constitutes “extraneous materials” supporting a motion to dismiss; (2) the letter did not provide notice to the “claimant,” Dowling, as re *639 quired by G.L.c. 254, §14; and (3) the letter cannot provide “notice of the recording,” as required by G.L.c. 254, §14, because the letter was mailed three days before the lien bond was actually recorded. Even if the court reviews the “extraneous materials” and further assumes that the April 9 letter substantively constitutes a proper “notice of the recording,” the defendants’ failure to notify the claimant, Dowling, of the lien bond, mandates the denial of Hartford’s motion. The Court need not address the first and third issues raised by Dowling, as Section Fourteen requires that “(n)otice of the recording shall be given to the claimant by serving on the claimant a copy of the notice of recording together with a copy of the bond by an officer qualified to serve civil process or by delivering same to the claimant."
Here, notice of the recording[3] and a copy of the bond were delivered to the attorney for the claimant, but were not delivered directly to the claimant. Although Hartford is seeking to employ a time limitations defense related to a lien bond, the requirement of strict compliance with the mechanic’s lien statute still applies, as the lien bond is also a creation of the statute. See e.g. Golden v. General Builders Supply LLC, 441 Mass. 652, 654-55 (2004) (requiring strict compliance with statutorily created mechanic’s lien in order to “create, perfect, and enforce such a lien”); see also Mullen Lumber Co. v. Lore, 404 Mass. 750, 752 (1989). A plain reading of the statute necessitates that notice be provided directly to the claimant and not merely a representative of the claimant, such as his attorney. See Schulman v. Attorney General, 447 Mass. 189, 191 (2006) (describing plain meaning of statutory language as the “principle source of insight into legislative purpose”); see also Phillips v. Pembroke Real Estate, Inc., 443 Mass. 110, 114 (2004) (interpreting statute by applying “the ordinary and approved usage of the language”).
The legislature’s use of the phrase “serving on the claimant” adds context to the requirement of delivering notice. G.L.c. 254, §14. Proper service is administered in this Commonwealth by serving the individual defendant, or an officer or agent of a defendant corporation. Mass.R.Civ.P. 4(d)(1) and (2). Service upon a parly’s attorney is not typically valid. See Rosenblum v. Ginis, 297 Mass. 493, 497-98 (1937). The second option for delivering notice to a claimant merely allows an individual who does not constitute “an officer qualified to serve civil process,” to deliver “same to the claimant.” G.L.c. 244, §14. The legislature has not made an allowance for delivery to a claimant’s attorney. Further, the direct delivery of notice “to the claimant” is facilitated by and consistent with Section Four of G.L.c. 254, which mandates that the party filing a mechanic’s lien provide its regular mailing address. Moreover, no evidence has been presented that Dowling ever received actual notice of the recording of the lien bond.
Accordingly, notice of the lien bond has not yet been properly provided to Dowling. Absent proper notice to the claimant, the ninety-day limitation period for enforcement of the lien bond has yet to commence. See G.L.c. 254, §14. Dowling’s civil action seeking to enforce the bond, therefore, has been timely filed.
ORDER
For the foregoing reasons, after careful consideration of the parties’ written submissions and oral arguments, the Defendant, Hartford Casualty Insurance Company’s Motion to Dismiss Plaintiffs Amended Complaint is DENIED.

 The limitation on relating back applied to the enforcement of a mechanic’s lien does not apply to a claim seeking enforcement of a Hen bond because the same consideration regarding notice provided by routine title searches does not exist. See Golden v. General Builders Supply, 441 Mass. 652, 659 (2004).

The assumption regarding the substance of the “notice of recording,” as noted above, is maintained throughout the discussion.