**Anthony M. TAVERNA, Plaintiff,**

v.

**William CHURCHILL, et al, As They Constitute the Members of the Minuteman Regional Vocational School District School Committee, Defendants.**

Civ. A. No. 85–1119–C.

United States District Court, D. Massachusetts.

June 30, 1986.

Anthony M. Taverna, pro se.

Henry G. Stewart, Arthur P. Kreiger, Palmer & Dodge, Boston, Mass., for defendants.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by Anthony M. Taverna, a teacher in the Minuteman Regional Vocational Technical School District, proceeding *pro se*, against the members of the Minuteman Regional Vocational School District School Committee ("the School Committee"). The gravamen of the plaintiff's complaint is that the defendants, as members of the School Committee, did not process the plaintiff's grievances fairly. Although it is unclear from the complaint precisely what causes of action the plaintiff is asserting,[1] the Court will read the complaint liberally and construe it to allege violations of both the collective bargaining agreement between the plaintiff's representative, the Minuteman Faculty Association ("the Faculty Association"), and the School Committee, and the due process clause of the Fourteenth Amendment to the United States Constitution.

The matter is now before the Court on the defendants' motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), or for summary judgment under Fed.R.Civ.P. 56(b). Since affidavits and documentary evidence have been submitted by both parties, the Court will treat the defendants' motion as one for summary judgment. Fed.R.Civ.P. 12(b). A court may not grant summary judgment unless the moving party has shown that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). In considering the defendants' motion for summary judgment, the Court has examined the record in detail and has considered the facts in the light most favorable to the non-moving party. *Raskiewicz v. Town of New Boston,* 754 F.2d 38, 44 (1st Cir.1985). After careful consideration of the arguments made on behalf of both parties, I rule that insofar as the plaintiff's complaint alleges claims under the collective bargaining agreement and the due process clause, the defendants'

---

1. *Much of the complaint is incomprehensible.* For example, the plaintiff alleges that:

34. The actions of the Defendants are so designed to nullify many of the facts pertinent to the Plaintiff's future and possible complaints by delaying due process which should be accorded him by having the Massachusetts statutes of limitations override the facts and action and disqualify the same, relative to any future and possible complaint.

35. The Defendant Committee could have extended due process to the Plaintiff by allowing the Plaintiff to amend his existing complaint in Superior Court, Middlesex (court number 83–2040) in accordance with Rule 15(a) of Rules of Civil Procedure, for the Superior Court, State of Massachusetts.

36. Also the Defendant did deprive the Plaintiff of his day in court by not permitting the Plaintiff to complain by allowing proper civil court action in granting him the right to freely amended an existing complaint by written consent in which the leave will be freely given by the Court when justice is so required.

motion for summary judgment should be granted.

The record reveals that the plaintiff is a teacher in the Minuteman Regional Vocational School District. From at least 1981 to the present, the plaintiff has been covered by two collective bargaining agreements ("the Agreements") between the School Committee and the Faculty Association, one for the period 1981 through June, 1984, and the other for the period July 1, 1984 through June 30, 1987. The Agreements provided for a four-level grievance and arbitration procedure consisting of three levels of informal grievance hearings and a fourth level of final, binding arbitration. The Agreements also provided that a grievant's failure to appeal an adverse decision at any level is deemed to be acceptance of that decision. An employee presenting a grievance without representation by the Faculty Association, according to the Agreements, was entitled to a disposition consistent with the provisions of the Agreements. The Faculty Association was entitled to be heard, if it so requested, at each of the four levels of the process.

On August 15, 1984 the plaintiff filed a grievance with John P. Donahue, Chairman of the School Committee, against the School Committee, Ronald J. Fitzgerald, Superintendent and Director of the School District, and William Callahan, Principal of the Minuteman Regional Vocational Technical High School. Donahue took no action with respect to that grievance. On October 1, 1984 the plaintiff sent separate handwritten grievances to Fitzgerald, Callahan, and the School Committee, and on October 3 and October 9 the plaintiff again sent a grievance to the School Committee. On October 31, 1984 a Level One hearing which, according to the complaint, lasted approximately one hour and fifty minutes was held before Principal William Callahan on the plaintiff's grievances dated October 1, 3, and 9, 1984. The plaintiff attended that hearing and was represented by the Faculty Association and the Massachusetts Teachers Association. On November 14, 1984 Callahan issued a four page decision which discussed each of the plaintiff's

grievances in detail and dismissed each of them in turn. On December 3, 1984 a Level Two hearing, at which the plaintiff appeared and was represented by the Faculty Association and the Massachusetts Teacher's Association, was held before Superintendant Fitzgerald. According to the complaint, that hearing took approximately two hours. On December 13, 1984 Fitzgerald issued an eight page decision in which he discussed the points made by each speaker at the meeting, made a number of specific rulings, and ultimately affirmed the Level One decision.

The plaintiff made repeated requests for a Level Three hearing in late January and early February, 1985. In a letter dated February 5, 1985 the Faculty Association informed the plaintiff that it would not appear with him at his Level Three hearing if the plaintiff decided to exercise his right to a hearing at that level. In a letter dated February 25, 1985 Chairman Donahue informed the plaintiff on behalf of the School Committee that a Level Three hearing would be held on March 5, 1985. The letter also stated that the School Committee would have the Level Two record, that the plaintiff would have fifteen minutes "to add to or disagree with that record" as he saw fit, and that the committee members would then be free to ask the plaintiff questions. On February 26, 1985 the plaintiff requested a hearing with a different format, one that would include an opportunity for him to speak at the outset of the hearing for one and one-half hours. In a letter dated March 1, 1985 the School Committee informed the plaintiff that the hearing would proceed as originally scheduled but that the Chairman would have the authority to extend the time of the hearing as he saw necessary to ensure a fair hearing. The plaintiff failed to appear at the March 5 hearing. On or about March 6, Mr. Fitzgerald received a letter from the plaintiff, dated March 4, 1985, in which the plaintiff stated, without explanation, that he would not attend the hearing on March 5. In a letter dated March 6, 1985, the School Committee informed the plaintiff that the mat-

ter of his grievances was closed. Since that time, the plaintiff has not requested further action on his grievance, and none has been taken.

■ To the extent that the plaintiff's complaint alleges a breach of the collective bargaining agreement, the defendants should be granted summary judgment on the grounds that the plaintiff has not exhausted the four-step procedure set forth in the collective bargaining agreements between the School Committee and the Faculty Association. Both federal and Massachusetts law require an employee to exhaust the remedies under his collective bargaining agreement before suing his employer. *E.g., Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652–53, 85 S.Ct. 614, 616–17, 13 L.Ed.2d 580 (1965); *Robbins v. George W. Prescott Publishing Co.,* 457 F.Supp. 915, 919 (D.Mass.1978); *Azzi v. Western Electric Co.,* 19 Mass.App.Ct. 406, 408–09, 474 N.E.2d 1166, *further app. rev. denied,* 394 Mass. 1103, 478 N.E.2d 1274 (1985).[2] Exceptions to this rule exist where the union has violated its duty of fair representation or the employer has "repudiated or otherwise nullified" the grievance procedures. *Vaca v. Sipes,* 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967); *Azzi,* 19 Mass.App.Ct. at 409, 474 N.E.2d 1166. Neither of these exceptions, however, are apposite to this case. In the complaint the plaintiff does not allege that the Faculty Association breached its duty of fair representation; in fact, the complaint does not so much as mention the Faculty Association. The record shows that the Faculty Association represented the plaintiff at Levels One and Two of the grievance process, but that it decided not to represent the plaintiff at Level Three after the plaintiff represented to the Faculty Association that Mr. Fitzgerald's Level Two decision adequately clarified for him the appropriate fora for airing his various complaints and getting them resolved. After careful consideration of all the evidence in the record, I rule that as a matter of law

there is nothing in the record which could support a finding that the Faculty Association breached its duty of fair representation to the plaintiff.

There is also no allegation or evidence that the School Committee "repudiated or otherwise nullified" the grievance process. *Vaca,* 386 U.S. at 185, 87 S.Ct. at 914; *Azzi,* 19 Mass.App.Ct. at 409, 474 N.E.2d 1166. The plaintiff alleges, and has produced evidence, that on August 15, 1984 he filed a grievance with the School Committee, and that the School Committee did not act upon it. After the plaintiff refiled his grievances in October, 1984, however, the School Committee promptly took action to begin the grievance process. I rule that the School Committee's alleged failure to act promptly upon the plaintiff's grievances filed in August, whether considered by itself or in conjunction with the other evidence in this case, as a matter at law, does not constitute a repudiation of the grievance process. The plaintiff's complaint also alleges that because the School Committee informed him that he would have only fifteen minutes to speak at the Level Three hearing and could only respond to the Level Two hearing record, the Level Three hearing would have been inappropriate, unfair, inadequate, and unreasonable. The record reveals that the School Committee notified the plaintiff that the School Committee would have the Level Two record and that the plaintiff would have fifteen minutes "to *add to* or disagree with the record as [he saw] fit." (Emphasis added). The record also reveals that in response to the plaintiff's letter dated February 26, 1985 to Mr. Donahue requesting a revised format for the Level Three hearing, Mr. Donahue informed the plaintiff that although the hearing would go forward with the time originally allocated, Mr. Donahue would have the authority to extend the time as he saw necessary "to ensure a fair hearing." In light of these facts and the fact that the plaintiff had already had a Level One hearing of approx-

**2.** There is no factual issue whether the plaintiff exhausted the remedies under the collective bargaining agreement. He did not request another Level Three hearing or arbitration.

imately one hour and fifty minutes duration and a Level Two hearing of approximately two hours duration, that the plaintiff received a four page decision following his Level One hearing and an eight page decision following the Level Two hearing, and that there are no time specifications in the Agreements for a hearing at any level, I rule that the School Committee's adoption of the Level Three hearing format in this case was reasonable.

The School Committee's notification to the plaintiff by letter dated March 6, 1985, the day after the plaintiff failed to appear for the scheduled Level Three hearing, whether considered alone or in conjunction with the other evidence in the record, likewise does not constitute a repudiation of the grievance process. The plaintiff sent a letter on May 4, 1985 stating, without explanation, that he would not be present at the hearing. The plaintiff did not request another Level Three hearing or arbitration. The plaintiff's letter, as the plaintiff reasonably should have known, did not reach the defendants until after the hearing. In light of those facts, the School Committee's notice to the plaintiff on May 6 that the matter was closed, was also reasonable and does not constitute a repudiation of the grievance process.

Even if the plaintiff could be deemed to have exhausted the grievance process or his failure to do so could be excused, any claims based upon the Agreements should be dismissed on the grounds that the plaintiff has brought this action without the support of the Faculty Association. Absent a showing of bad faith on the part of the Faculty Association, a member of a union cannot sue his employer without the support of his union. *Medeiros v. Murray*, No. 84–747–S, Memorandum and Order at 2 (D.Mass., March 29, 1985) (Skinner, J.); *Norton v. Mass. Bay Transp. Auth.*, 369 Mass. 1, 336 N.E.2d 854 (1975). In this case, the plaintiff has not alleged in the complaint, nor, as discussed above, does the evidence in the record suggest, that the Faculty Association breached its duty of fair representation to the plaintiff.

To the extent that the complaint can be read to allege a violation of the due process clause of the United States Constitution, it should be dismissed because the plaintiff failed to allege that he was deprived of a protected liberty or property interest. A plaintiff alleging a violation of procedural due process must be able to show that he was deprived of a "liberty" or "property" interest within the meaning of the due process clause of the Fourteenth Amendment. *Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 901, 47 L.Ed.2d 18 (1976). The plaintiff in this case did not even allege in the complaint that he was deprived of a liberty interest or a property interest. This is not a case in which plaintiff has alleged and offered proof that he was deprived of his employment or a similar property interest to which he had a "legitimate claim of entitlement." *Cf. Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); *Rose v. Nashua Board of Education*, 679 F.2d 279, 282 (1st Cir.1982). The substance of the plaintiff's complaint is that the School Committee's decisions to limit his speaking time at the Level Three hearing to fifteen minutes, to limit the Level Three hearing to a review of the Level Two hearing record, and to prohibit the Faculty Association from representing him at the hearing were inappropriate, unfair, arbitrary, and unreasonable. If the plaintiff could show that he was deprived of a liberty or property interest, these claims would be relevant to the adequacy of the Level Three hearing or the entire grievance process under the Agreements. In other words, these claims would be relevant to the constitutionality of the process given if the plaintiff first showed the deprivation of a constitutionally protected interest; however, absent such a showing they are irrelevant. Accordingly, insofar as the complaint alleges a violation of procedural due process, it should be dismissed because the plaintiff has failed to allege or offer any evidence that he was denied a constitutionally protected interest.

Order accordingly.