ANTHONY JOHNSON *vs.* MASSACHUSETTS BAY
TRANSPORTATION AUTHORITY.

Suffolk. September 12, 1994. - November 10, 1994.

Present: LIACOS, C.J., WILKINS, ABRAMS, & NOLAN, & LYNCH, JJ.

*Practice, Civil,* Summary judgment. *Public Employment,* Termination,
Urine test. *Controlled Substances. Search and Seizure,* Warrant, Urine
sample. *Evidence,* Business record, Breathalyzer test. *Due Process of
Law,* Termination of employment.

In a civil action, after a trial on the merits, the denial of a motion for
summary judgment is not reviewable on appeal. [785]

In a civil action in which the plaintiff claimed he was unlawfully dis-
charged from his employment as a Massachusetts Bay Transportation
Authority (MBTA) bus driver, the judge's finding that the plaintiff had
operated a bus under the influence of cocaine in violation of MBTA
rules was not clearly erroneous. [785]

In circumstances in which an employer, a provider of public transporta-
tion, had probable cause to believe that an employee had operated a
vehicle under the influence of some drug, the employer was entitled to
require the employee to submit to blood and urine testing for drugs and
alcohol without a warrant [785-786]; in any event, the results of the
tests were admissible in a civil trial where the judge was warranted in
finding that the employee had consented to the tests [786].

Results of a laboratory test were properly admitted in evidence at a civil
trial, as a business record. [786]

Admission in evidence at a civil trial of results of a certain laboratory test
did not prejudice the plaintiff. [786]

In an action alleging the plaintiff's wrongful termination from employ-
ment, the judge's finding that the plaintiff did not request a hearing to
clear his name after his suspension and termination was not clearly er-
roneous. [786-787]

CIVIL ACTION commenced in the Superior Court Depart-
ment on March 13, 1989.

The case was heard by *Patti B. Saris,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Winston Kendall* for the plaintiff.

*Geraldine S. Hines* for the defendant.

WILKINS, J. The plaintiff (Johnson) appeals from a judgment that rejected his claim that the defendant (MBTA) unlawfully discharged him for driving a bus while under the influence of cocaine. We transferred Johnson's appeal here on our own motion. We find no merit in Johnson's various claims of prejudicial error. We affirm the judgment.

The MBTA employed Johnson as a bus driver. On September 26, 1985, Johnson appeared to be under the influence of alcohol on the job, failed a breathalyzer test which he took voluntarily, and was suspended indefinitely for violation of MBTA rules. On November 8, 1985, the MBTA reinstated Johnson, subject to a one-year probationary period during which any rule violation would result in his discharge.

On January 9, 1986, an MBTA passenger, who identified himself, reported by telephone to the MBTA police that he had smelled alcohol on the breath of a driver of a particular bus on the Allston-Dudley route. Two supervisors, who knew nothing of Johnson's prior employment record, met Johnson at Dudley Street station. Each concluded that Johnson's eyes had a very heavy look and that he appeared to be under the influence of something. When they told Johnson the reasons for their investigation, Johnson said: "No, not again." Asked if he would submit to a breathalyzer examination, which it was his right to refuse, Johnson said that he would not. Johnson was suspended for the rest of the evening. Neither supervisor smelled alcohol on Johnson's breath, nor did Johnson walk irregularly.

Johnson responded to instructions to appear the next morning for a physical examination, which would include urine and blood tests, and for an interview. Johnson gave oral permission to an MBTA physician for a drug and urine test. The test was a condition of Johnson's continued employment. A laboratory's tests of the urine sample were positive for the use of cocaine. During the January 10 interview Johnson was

given written notice of his suspension pending the receipt of the test results.

On January 24, 1986, the MBTA discharged Johnson. This action followed. The trial judge found that Johnson operated an MBTA bus on January 9, 1986, under the influence of cocaine and ruled, among other things, that the MBTA had probable cause to test Johnson's urine.

1. Johnson argues that summary judgment should have been entered in his favor. We need not consider the point. After a trial on the merits, as here, the denial of a motion for summary judgment may not be reviewed on appeal. *Deerskin Trading Post, Inc.* v. *Spencer Press, Inc.*, 398 Mass. 118, 126 (1986).

2. The judge's finding that Johnson was operating an MBTA bus on January 9, 1986, under the influence of cocaine in violation of MBTA rules was not clearly erroneous. Mass. R. Civ. P. 52 (a), 365 Mass. 816 (1974). The MBTA supervisors who saw Johnson described his eyes as having a very heavy look, and said that he appeared to be under the influence of something. The subsequent positive drug test results, which we shall conclude were properly admissible, indicated cocaine use at some time.

3. The judge was correct in ruling that the warrantless search and seizure was lawful. The MBTA had probable cause to conduct tests for drug use, and no warrant was needed in the circumstances. Johnson argues that the urine and blood tests were an unreasonable search and seizure in violation of art. 14 of the Massachusetts Declaration of Rights. The evidence warranted the conclusion of the MBTA supervisors that more probably than not Johnson had operated an MBTA bus while under the influence of alcohol or some other drug. In such circumstances an employer is entitled to require an employee to submit to blood and urine testing for drugs and alcohol.

The MBTA was not obliged to obtain a warrant. An employer providing public transportation has a duty to assure that its drivers are not impaired by alcohol or some other drug. Such a driver is not unfairly or unreasonably treated

by a requirement that he promptly submit to tests for drugs when there is probable cause to believe that he has operated a vehicle under the influence of some drug.[1]

In any event, Johnson's challenge to the admission of the test results fails because the judge was warranted in finding that he consented to these tests. Johnson claimed that he agreed to the tests only because of the coercion that he would have been terminated if he did not consent. A written consent would have strengthened the MBTA's position on the consent issue. The judge was warranted in ruling that requiring testing as a condition of continued employment of a probationary employee would not be impermissible coercion in this case involving the operator of a public conveyance. See *O'Connor* v. *Police Comm'r of Boston*, 408 Mass. 324, 326 (1990).

4. The judge did not err in admitting the laboratory report that showed that Johnson's urine tested positive for cocaine. The chain of custody, although less than perfectly shown, was sufficiently established to justify admission of the evidence. The results of the laboratory test were properly admitted as a business record. See G. L. c. 233, § 78 (1992 ed.).

5. Johnson himself testified that he had failed a breathalyzer test. He is thus not in a strong position to challenge the admission of the results of the September 26, 1985, breathalyzer examination "for the limited purpose of establishing the sequence of events" leading to Johnson's termination. The judge did not improperly rely on the breathalyzer test results, and Johnson's rights were not injuriously affected by admission of the test results.

6. The MBTA did not violate Johnson's due process right to a hearing to clear his name after he was suspended and then terminated. The judge found that Johnson did not request a hearing. That finding is not clearly erroneous, and we

---

[1] Because there was probable cause, we need not decide whether in some situations the responsibilities of an employee are so important to the public safety that, in the absence of consent, a public employer may nevertheless require testing for drugs on the basis of something less than probable cause.

need not decide whether the judge was correct in concluding that a hearing was not required in any event. See *O'Connor v. Police Comm'r of Boston, supra* at 331.

*Judgment affirmed.*