RUP, J.
INTRODUCTION
The plaintiff, Mary Ann Gormely, brought this action against the Roman Catholic Diocese of Worcester, the School Department of the Diocese of Worcester, and the Holy Name Central Catholic High School alleging they breached her employment contract by not renewing her teaching position for the 1993-1994 academic year.
The matter now comes before the Court on the defendants’ motion for summary judgment in which they contend: (1) they had no obligation to offer the plaintiff a contract for the 1993-1994 academic year; (2) the plaintiff does not have standing to allege a violation of the Collective Bargaining Agreement; (3) even if the plaintiff did have standing to assert a violation of the Collective Bargaining Agreement, it did not guarantee her employment until August 31, 1994; *647 and (4) the plaintiffs failure to exhaust her administrative remedies bars her claim for breach of contract.
For the reasons set forth below, the defendants’ motion is allowed.
BACKGROUND
The summary judgment record,[2] when considered in the light most favorable to the plaintiff, shows the following. In 1987, the plaintiff accepted a position as a teacher at the Holy Name Central High School (the School). Between 1987 and 1992, the plaintiff entered five separate one-year teaching contracts with the School Department of the Diocese of Worcester (the School Department). On April 5, 1993, the Superintendent of Schools notified the plaintiff the School System had decided not to offer her an employment contract for the 1993-1994 academic year.
The School issued each of its students a parent-student handbook. This handbook set forth procedures for dealing with teacher and student complaints. The procedures in the handbook were not followed by the School’s administration in dealing with complaints involving the plaintiff.
Pursuant to Article 16 of the Collective Bargaining Agreement (“CBA”) entered between the teachers’ union and the School Department, the plaintiff filed a grievance. Although the plaintiff pursued the grievance through the first three steps of the grievance procedure, she did not pursue the final step. As a prerequisite to step four of the grievance procedure, the plaintiff was required to sign an acknowledgement form stating she understood and fully agreed “that the decision [in step four] is final and binding and is not appealable to any other person or entity.” Rather than waive her future rights, the plaintiff did not pursue step four. Instead, she filed this action.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Kourouvacills v. General Motors Corp., 410 Mass. 706, 716 (1991). Cassessov. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively showing the absence of a triable issue “and [further,] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). Where both parties have moved for summary judgment and “in essence there is no real dispute as to the salient facts of if only a question of law is involved,” summary judgment shall be granted to the party entitled to judgment as a matter of law. Cassesso, supra.
I. The Student-Parent Handbook
“[U]pon proper proof, a personnel manual can be shown to form the basis of an express or an implied contract.” Jackson v. Action for Boston Commercial Development, 403 Mass. 8, 13 (1988), citing Hobson v. McLean Hospital Corp., 402 Mass. 413, 415 (1988). Here, the plaintiff contends that the conflict policy in the parent-student handbook created contractual terms breached by the defendants, a meritless position as the student-parent handbook in no way creates an employment contract for the plaintiff.
II. The Collective Bargaining Agreement
An employee must exhaust the remedies under her collective bargaining agreement before suing her employer, Vaca v. Sipes, 386 U.S. 171, 184 (1967); Taverna v. Churchill, 638 F.Supp. 244, 247 (D.Mass. 1986); Balsavich v. Local Union 170, Inti. Brotherhood of Teamsters, 371 Mass. 283, 286 (1976), unless the employee alleges and shows the union has failed in its duty to represent her fairly, or her employee repudiated or otherwise nullified the grievance procedures. Id.; Azzi v. Western Electric Co., 19 Mass.App.Ct. 406, 409 (1985).
Here, the plaintiff has neither alleged nor demonstrated that her union breached its duly of fair representation. Likewise, she has failed to demonstrate that her employer repudiated or nullified the grievance machinery.
Even assuming the plaintiff did have standing to bring this suit, her breach of contract claim would still fail. The undisputed facts show the plaintiff entered a series of contracts that clearly indicated their duration — one year. Furthermore, the Collective Bargaining Agreement expressly provides: “[e]ach teacher . . . must annually enter a written employment contract.” Given the unambiguous language of the CBA concerning the duration of the plaintiffs contract, she had no contract beyond the 1992-1993 academic year.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion for summary judgment be ALLOWED.
Dated at Worcester, Massachusetts this twentieth day of April, 1995.

In determining the facts in a motion for summary judgment the court looks to the allegations in a verified complaint, depositions on file, answers to interrogatories, Rule 36 admissions on file, and any affidavits and counter-affidavits based on personal knowledge. Although a court should not be “overly technical in [its] reading of what . . . should [be] consider[ed] on a motion for summary judgment,” Rutland v. Fife, 385 Mass. 1010 (1982), the Court cannot assume facts unsupported by the parties’ submissions. In the present case, the inadequacy of the parties’ submissions preludes consideration of many of the facts asserted in the parties’ memoranda.