Garsh, J.
The defendants Central Locating Service, Ltd. (“CLS”) and Richard Bray (“Bray”) seek to exclude evidence that Bray tested positive for marijuana on March 5, 1998, the day following the explosion and three days after he performed the gas locate at issue in this case. According to Bray, he smoked marijuana for the first time on March 4 after learning of the explosion. In their supplemental memorandum, CLS and Bray urge this court to reconsider the May 5,2003 bench ruling allowing evidence that Bray failed the drug test to be introduced for the limited purpose of showing bias. Bray was not removed from CLS’s payroll until January of 2000 despite CLS’s policy of immediate dismissal of locators who test positive for drugs. On March 5, 1998 — the same day as the drug test and before he knew that CLS would retain him on the payroll — Bray told an investigator that CLS had not trained him that gas service could exist at a location with no exterior indication of service. Several years later, with knowledge that CLS had retained him on its payroll despite its policy, Bray testified that he had falsely stated on March 5, 1998 that he had no training that utilities could be located in the basement without an exterior indicator of gas service. Thus, the positive test result is relevant to bias. The extent to which Bray’s testimony helps or hurts CLS and varies from any prior statements made by Bray goes to the weight of the evidence and not its admissibility to show bias. The jury will receive limiting instructions when the evidence is introduced and again in the charge, if requested. The probative value of the evidence with respect to bias outweighs the potential for prejudice.
Plaintiffs argue that, even without expert testimony as to the length of time that marijuana smoked on March 2,1998 would remain detectable by a drug test, the positive test result should be admissible as evidence from which the jury could infer that Bray was under the influence of a controlled substance when he performed the locate several days earlier. In Johnson v. MBTA, 418 Mass. 783 (1994), upon which the plaintiffs rely, the Court held that an employer properly terminated an employee for operating a bus while under the influence, based in part on a positive urine sample taken only one day following the alleged violation. Id. at 787-85. The primary issue in that case was whether the employer had probable cause to demand the drug test. Id. at 785-86.
The cases from other jurisdictions on which the plaintiffs rely for the proposition that a positive drug test may create an inference that an employee was under the influence at an earlier time are distinguishable in light of the nature of the other evidence in those cases suggesting drug use that is absent in this case. E.g., Brunet v. United Gas Pipeline Co., 15 F.3d 500, 505 (5th Cir. 1994) (not abuse of discretion to admit drug test performed two days after boat accident to show crew member under influence at time of accident where there was evidence of prior drug use and convictions by crew).[5] Indeed, in one of the cases cited by the plaintiffs, the test showed drug use prior to the accident, although it did not pinpoint precisely when drugs had been taken. See Johnson v. Washington Metropolitan Area Transit Authority, 764 F.Sup. 1568, 1578 (D.D.C. 1991) (admission of drug test performed day of train accident as part of post-accident medical examination proper even though test could not narrow down when during previous week drugs were ingested, in light of delayed reaction time being consistent with cocaine use, train operator’s odd behavior immediately before and after the accident, and fact that operator denied any drug use prior to the accident despite the test results to the contrary).[6] Cf. Johnson v. MBTA, 418 Mass. at 785-86 (employee on probation for failing a breathalyzer test properly terminated for driving a bus under the influence where a positive drug test one day after operation indicated cocaine use at some time and two supervisors, on day of operation, observed that employee’s eyes had “a very heavy look, and ... he appeared to be under the influence of something,” and such observations amounted to probable cause to believe that he had operated the bus under the influence of some drug). There is no evidence here that Bráy had smoked marijuana on any occasion prior to the explosion. See Maillet v. AFT-Davidson, 407 Mass. 185, 187-89 (1990) (evidence that plaintiff handled a beer can at some time on the day of the accident and had once before drunk a beer at work properly excluded as irrelevant to prove that he had consumed a beer at work on the day of the accident).
*432 The plaintiffs emphasize the evidence here that Bray violated numerous locating standards, disobeyed an order not to mark the site without a street index, marked the log sheet as an emergency when it was not one, used white-out to correct several other errors he made on his log sheet, and failed to remember on the morning of March 4 that he had already marked the site two days earlier. However, all of this circumstantial evidence is equally suggestive of incompetence as it is of drug abuse and does not, in and of itself, create a sufficient foundation for the admissibility of the drug test on the facts of this case. Further, this court, in its discretion, finds that the unfair prejudice that may result from the admission of Bray’s drug test results as evidence from which the jury may infer that he had smoked marijuana before he performed his locate activities outweighs the probative value, if any, that such evidence may have.
ORDER
Accordingly, it is hereby ORDERED that the Supplemental Memorandum, to the extent that it is deemed to be a Motion for Reconsideration of the bench ruling allowing the test result to be introduced to show bias, be and hereby is DENIED. It is further ORDERED that Central Locating Service, Ltd. and Richard Bray’s Motion In Limine to Exclude Evidence that Bray Tested Positive for Marijuana After the Explosion is ALLOWED to the extent that it seeks to exclude the test results from being offered to support an inference that Bray was under the influence of drugs prior to the explosion.

he court’s ruling on whether the admission of post-accident dmg test evidence constituted an abuse of discretion was not essential to the decision because the court further found that “even if the court had abused its discretion in admitting the evidence, [the defendant] was not substantially prejudiced because the court expressly found that the crew’s dmg use did not cause the collision.” Brunet v. United Gas Pipeline Co., 15 F.3d at 505.

Evidence that the train operator was under the influence of cocaine at the time of the accident was the only basis for finding that the defendant had breached the applicable standard of care. Johnson v. Washington Metropolitan Area Transit Authority, 764 F.Sup. at 1573.