NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-267

JOSEPHUS GRANT, JR.

vs.

MID-ISLAND MORTGAGE CORPORATION (and a consolidated case[1]).

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Housing Court, Josephus Grant, Jr., (homeowner) appeals from a judgment in favor of Mid-Island Mortgage Corporation (Mid-Island), and a judgment for possession of his home in favor of Vitaly Gladysh (buyer).  We affirm.

Background.  On September 27, 2012, the homeowner granted a residential mortgage to Mortgage Electronic Registration Systems, Inc. (MERS).  MERS later assigned the mortgage to Mid-Island.  In 2015, the homeowner defaulted.  On June 22, 2016, Mid-Island foreclosed through a power of sale and purchased the property.  Mid-Island filed a summary process complaint on

_____

[1] Vitaly Gladysh vs. Tasia Grant & others.

December 5, 2016, and the homeowner filed an answer and counterclaims raising, among other things, challenges to the validity of the foreclosure process.  While that case was pending, Mid-Island sold the property on July 23, 2018, to the buyer.  Following the sale of the property, a judge of the Housing Court dismissed Mid-Island's summary process complaint, but preserved the homeowner's counterclaims by transferring them to a new docket as a civil action.  In the meantime, the buyer brought his own summary process complaint against the homeowner and other occupants of the residence.  The homeowner filed an answer and counterclaims, and the judge consolidated the civil action and the summary process action for trial.

The jury trial focused on whether Mid-Island satisfied its preforeclosure obligations under Federal regulations.  Specifically, before three monthly installments on a mortgage are due and unpaid on a mortgage insured by the United States Department of Housing and Urban Development (HUD), a lender must "have a face-to-face interview with the [borrower], or make a reasonable effort to arrange such a meeting."  24 C.F.R. § 203.604(b) (2012).  At a minimum, a "reasonable effort" must consist of dispatching a certified letter from the borrower to the lender "to arrange a face-to-face meeting" and "at least one trip to see" the borrower at the mortgaged property.  24 C.F.R. § 203.604(d).  Addressing three questions on Mid-Island's

compliance with these regulations, the jury determined the following on a special verdict:  (1) Mid-Island did not conduct a face-to-face meeting with the homeowner; (2) Mid-Island sent by certified mail a letter to the homeowner regarding the opportunity for a face-to-face meeting; and (3) Mid-Island dispatched a person to the homeowner's residence as a reasonable effort to arrange a face-to-face meeting.  Following this special verdict, the judge entered a judgment for Mid-Island in the civil action and entered a judgment for possession for the buyer in the summary process action.

Discussion.  1.  Compliance with HUD regulations.  The homeowner claims two trial errors related to evidence of Mid-Island's compliance with HUD regulations.  First, he contends that the jury did not hear credible evidence that Mid-Island complied with HUD's face-to-face requirement.  Second, he contends that the judge erred by permitting Mid-Island to introduce late-disclosed evidence of such compliance.

We discern no errors related to this evidence.  The special verdict by the jury is conclusive on the issue of credibility because the weight and credibility of evidence is clearly "within the province of the jury" and not ours.  Pina v. McGill Dev. Corp., 388 Mass. 159, 166 (1983).  To the extent the homeowner is challenging the sufficiency of the evidence at trial, the failure to move for a directed verdict at the close

3

of all the evidence precludes appellate review.  See Hatton v. Meade, 23 Mass. App. Ct. 356, 361 (1987).  As to the late disclosure of evidence, the homeowner argues that Mid-Island maintained during five years of discovery that it sent a letter regarding the face-to-face meeting by first-class mail, but abruptly changed course "on the eve of trial" and produced evidence that it sent the letter by certified mail.  This claim is waived because the homeowner did not object to this evidence on this basis at trial.  See Abraham v. Woburn, 383 Mass. 724, 726 n.1 (1981) (objection affords the trial judge the "opportunity to act promptly" to remove evidence from jury's consideration).

Even considered on the merits, the claim of late disclosure fails.  While "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation," Strom v. American Honda Motor Co., Inc., 423 Mass. 330, 336 (1996), quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947), rules of procedure contemplate instances where the late disclosure of such facts may occur.  See, e.g., Mass. R. Civ. P. 26 (e) (2), 365 Mass. 772 (1974) (duty to correct erroneous discovery response).  Contrary to the homeowner's claim, exclusion of evidence in such circumstances was not required, and sanctions for any alleged discovery violations were entrusted to the "sound discretion" of the judge.  Solimene v.

4

B. Grauel & Co., K.G., 399 Mass. 790, 799 (1987).  Here, we discern no abuse of discretion by the judge who delayed the trial for seven months after the disclosure, and thus provided the homeowner ample time to adjust his trial strategy.  We also note that the homeowner thoroughly cross-examined Mid-Island's witness on the subject, and the judge noted that the homeowner, despite being pro se, "did a phenomenal job" throughout years of litigation.

2.  Other claimed errors.  We disagree with the homeowner's contention that the judge erred in allowing Mid-Island's request for a jury trial.  The homeowner cites Mass. R. Civ. P. 38, as amended, 423 Mass. 1406 (1996), for the proposition that Mid-Island failed to make a timely request for a jury trial.  This rule, however, cannot be read in isolation.  "[N]otwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by jury of any or all issues."  Mass. R. Civ. P. 39 (b), 365 Mass. 801 (1974).  "A judge's discretion under rule 39(b) to order a jury trial is 'largely unlimited.'"  Senior Hous. Props. Trust v. HealthSouth Corp., 447 Mass. 259, 270 (2006), quoting Reporters' Notes to Mass. R. Civ. P. 39 (b).  The homeowner has not articulated, and we do not discern on this record, how the judge abused his discretion, especially given the posture of the case that began

5

as a summary process action commenced by Mid-Island and evolved into a civil action and trial on the homeowner's counterclaims. A belated request for a jury trial under these circumstances appears to be exactly the type of situation contemplated by rule 39 (b).

Finally, we do not review the homeowner's claim that the judge erred by denying his motion for summary judgment. "After a trial on the merits, as here, the denial of a motion for summary judgment may not be reviewed on appeal." Johnson v. Massachusetts Bay Transp. Auth., 418 Mass. 783, 785 (1994). "The purpose of summary judgment is to bring litigation to an early conclusion without the delay and expense of a trial when no material facts are at issue, and it goes without saying that that purpose cannot be served after the case has gone to trial." Deerskin Trading Post, Inc. v. Spencer Press, Inc., 398 Mass. 118, 126 (1986). "The merits of a claim are better tested on appeal on the record as it exists after an evidentiary trial

than on the record in existence at the time the motion for summary judgment was denied."  <u>Id</u>.

<u>Judgments affirmed</u>.

By the Court (Milkey,
  Hodgens & Toone, JJ.[2]),

<i>Paul Little</i>

Clerk

Entered: July 30, 2024.

---

[2] The panelists are listed in order of seniority.